## McGregor *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Safety appliances—Master and servant.*

In an action against a railroad company to recover damages for the death of an employee, the company cannot be convicted of negligence in failing to provide automatic signals in its yard, where there is nothing in the testimony to show that the system of signals provided and the appliances for the switching of cars and making up of trains in the yard, were not such as were in ordinary use by railroads for such purposes, or that they were dangerous and unsafe.

To impose such a standard of care as requires, in the ordinary affairs of life, precaution on the part of individuals against all the possibilities which may occur, is establishing a degree of responsibility quite beyond any legal limitations which have yet been declared.

Argued April 20, 1905.    Appeal, No. 107, Jan. T., 1905, by defendant, from judgment of C. P. Huntingdon Co., May T., 1900, No. 1, on verdict for plaintiff in case of Laura McGregor *v.* Pennsylvania Railroad Company.    Before DEAN, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Reversed.

Trespass to recover damages for death of plaintiff's husband. Before BELL, P. J., specially presiding.

At the trial it appeared that on November 8, 1899, plaintiff's husband, H. R. McGregor, a freight brakeman, was killed in the defendant's yards in the city of Altoona.    The accident was the result of a collision between a freight car and the bumper of an engine.    The deceased was on the freight car at the time.    It was claimed that the defendant was negligent in not providing an automatic system of signals.    Other facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,000.    Defendant appealed.

*Error assigned* amongst others was in entering judgment on the verdict.

*John D. Dorris,* for appellant.—The legal test of reasonable safety in machinery or methods is ordinary use, and a jury can-

not be permitted to set up any other: Leonard v. Herrmann, 195 Pa. 222; Peterson v. Penna. R. R. Co., 195 Pa. 494; Higgins v. Fanning & Co., 195 Pa. 599; Lehigh, etc., Coal Co. v. Hayes, 128 Pa. 294; Kennelty v. R. R. Co., 166 Pa. 60.

*W. C. Fletcher*, with him *W. M. Henderson*, for appellee.— Negligence is always for the jury where there are any doubts as to the facts, or as to the inferences to be drawn from them: Whitman v. Pennsylvania Railroad Company, 156 Pa. 175; Smith v. B. & O. R. R. Co., 158 Pa. 82; Bannon v. Lutz, 158 Pa. 166.

That the switching of heavily loaded trains is a dangerous practice is undisputed.    The deceased assumed this risk providing his employer exercised such care and caution as the nature of the work required.    As a brakeman, he had nothing to do with the system of switches or signals in the yard and he assumed no risk growing out of their defects: Bannon v. Lutz, 158 Pa. 166; Patterson v. Pittsburg, etc., R. R. Company, 76 Pa. 389; Kehler v. Schwenk, 151 Pa. 505; Patterson v. Pittsburg Railroad Company, 76 Pa. 389; Lewis v. Seifert, 116 Pa. 628; Abel v. Del. & Hudson Canal Co., 128 N. Y. 662 (28 N. E. Repr. 663); Davis v. Snyder Twp., 196 Pa. 273; Kay v. R. R. Co., 65 Pa. 269; Tissue v. R. R. Co., 112 Pa. 91; Penna. & N. Y. Canal & R. R. Co. v. Mason, 109 Pa. 296.

The concurrence of an ordinary event which should have been foreseen by the defendant will not relieve it: Wood v. Penna. R. R. Co., 177 Pa. 306; Coppins v. R. R. Co., 122 N. Y. 557 (25 N. E. Repr. 915); Grand Trunk Ry. Co. v. Cummings, 106 U. S. 700 (1 Sup. Ct. Repr. 493).

OPINION BY MR. JUSTICE ELKIN, June 22, 1905:

No matter how distressing the accident, or unfortunate the circumstances surrounding the death of the decedent, who was the husband of the plaintiff and the employee of the appellant, there can be no recovery of damages unless the death was the result of negligence on the part of the defendant company. The learned trial judge entertained some doubt about the liability of the defendant in this action, which is evidenced by the reservation of the following questions, with the right to

enter judgment non obstante veredicto : " First, is there any evidence of negligence on the part of the defendant company which would warrant the judgment in favor of the plaintiff. Second, under the undisputed evidence, was not the negligence of either Mr. Allaway, the switchman, or Mr. Chase, the engineer, who were fellow servants of the decedent, proximately the cause of the accident. Third, was not the cause of the accident one of the risks the decedent assumed when he engaged as brakeman dropping down trains through the yard of the Pennsylvania Railroad in Altoona."

In passing upon the reserved questions, the trial judge, among other things, said : " But even assuming that said engineer and said switchman, who were fellow employees of said decedent brakeman, were guilty of negligence, was it not a question for the jury as to whether there was not negligence on the part of the railroad company."

After a careful consideration of the case, and an exhaustive examination of the testimony, we are of opinion that there was no evidence of negligence by the defendant and that the learned court erred in not so ruling. It is suggested by the court and by the learned counsel for appellee that automatic signals should have been provided, but the evidence does not justify such a conclusion. There is nothing in the testimony to show that the system of signals provided by the railroad company, and the appliances for the switching of cars and making up of trains in the yard were not such as were in ordinary use by railroads for such purposes, or that they were dangerous or unsafe.

Something has been said about the failure of the defendant company to establish a system of rules for employees in and about the yard. The testimony in this respect is meager and unsatisfactory, although one of the witnesses said there was a book of rules regulating these matters. It is clear, however, that the testimony produced by the plaintiff was not sufficient to charge the defendant with negligence in not providing proper rules. There was no evidence in the case either as to rules, appliances or signals that would warrant a jury in finding as a fact that the defendant company was negligent in any or all of these respects. It follows, therefore, that there was error in submitting the case to the jury, or after submission, in not

entering judgment non obstante veredicto in favor of the defendant.

To permit a recovery in this case would impose upon the defendant a standard of care and responsibility beyond that recognized in any of our cases.   As was said by Mr. Justice GREEN in Southside Passenger Ry. Co. v. Trich, 117 Pa. 390 : " To impose such a standard of care as requires, in the ordinary affairs of life, precaution on the part of individuals against all the possibilities which may occur, is establishing a degree of responsibility quite beyond any legal limitations which have yet been declared."   The appellee having failed to show by testimony negligence on the part of the defendant such as would make it liable in damages, there can be no recovery in this case.   This view of the law being fatal to the claim of the plaintiff, it is unnecessary to discuss the question of the decedent's contributory negligence, or whether the accident was the result of the negligence of fellow servants.

Judgment reversed.